IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| WALTER GONZALEZ, EDER | : | CIVIL ACTION |
| MORALES and LUIS ALBERTO | : | |
| ROBLERO | : | |
| v. | : | |
| | : | |
| BUSTLETON SERVICES, INC. | : | NO. 08-4703 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE                               August    18    , 2010

After a bench trial, I entered judgment in favor of Plaintiffs including prejudgment interest in the following amounts: Mr. Gonzalez - $ 5,012.44; Mr. Morales - $ 6,254.75; and Mr. Roblero - $7,228.49. Plaintiffs have now filed a Motion for an Award of Attorneys' Fees and Costs see Doc. 50, to which Defendant has responded, see Doc. 53, asking for reductions to counsels' hours and rates. Defendant has also sought further reduction of the fees and costs based on a Rule 68 Offer of Judgment made before trial. Plaintiffs have filed a Reply. See Doc. 55. For the reasons that follow, I will award the Plaintiffs a total of $ 73,195 for attorneys fees and $2,871.78 for costs.

**I.    LODESTAR**

Although the calculation of attorneys' fees is complicated in this case by the Defendant's Offer of Judgment, I will begin by multiplying the number of hours reasonably expended by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). This calculation results in the "lodestar," which is presumptively correct, but which may be adjusted as the court finds appropriate. Rode v. Dellarciprete, 892 F.2d

1177, 1183 (3d Cir. 1990). The burden is on the plaintiff to show that the fee request is proper and supported by evidence. Id. "Once the adverse party raises objections to the fee request, the district court has a great deal of discretion to adjust the fee award in light of those objections." Id.

### A. Number of Hours

Plaintiffs have submitted a petition for fees totaling 331.7 hours, for a total of $104,357.50. See Doc. 30 at 13. Defendant challenges a significant portion of these hours.

#### 1. Clerical Tasks

Defendant challenges several entries that are ordinarily performed by a paralegal or administrative assistant.[1] I agree that counsel are not entitled to compensation for purely administrative activities. Entering a case in the management system, mailing letters, preparing a cover letter, and talking with a process server or a court clerk to order a transcript are tasks which fall within the ambit of an administrative assistant. Specifically I find that Mr. Santillo's entries on lines 3, 8, 11, 17, 22, 23, 26, 86, 88, 144, 148, 149, 174, 192, 208 for a total of 3.4 hours, are purely administrative or clerical duties.[2] Similarly, I find that Mr. Winebrake's entries on lines 146 and 169, submitting

---

[1] Defendant has addressed the issue of work more becoming a paralegal in two separate sections of the response. For ease, I have addressed the objections raised on pages 4 and 13 of the Response in this section of the Memorandum.

[2] All line entries refer to Exhibit 1 attached to Doc. 50.

an opinion to Lexis for publication and inquiring about the status of a transcript, for .2 hours, are administrative.[3]

Several of the judges of our court have concluded that clerical tasks should not be billed at an hourly rate. See In re Unisys Corp. Retiree Med. Benefits Erisa Litig., No. 03-3924, 2008 WL 2600364, at *13 (E.D. Pa. Jun. 26, 2008). "Since the costs of clerical work, such as filing and copying, are ordinarily considered to be part of an attorney's rate as office overhead, they will not be compensated." Sheffer v. Experian Info. Solutions, Inc., 290 F.Supp.2d 538, 549 (E.D. Pa. 2003) (citing Doe v. Ward, No. 98-1746, 2003 WL 22187170, at *10 (W.D.Pa. Sept.16, 2003) (finding that clerical tasks are office overhead and therefore incorporated into attorney's rate)); see also Missouri v. Jenkins, 491 U.S. 274, 285-88 (1989) ("purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them"); Halderman v. Pennhurst State Sch. & Hosp., 49 F.3d 939, 942 (3d Cir.1995) (it is not appropriate to allow "the wasteful use of highly skilled and highly priced talent for matters easily delegable to non-professionals"). Thus, these hours will not be compensated.

---

[3]In addition to the entries listed, Defendant also objects to Mr. Winebrake's activities in lines 9 and 10, reviewing the Complaint and filings. See Doc. 53 at 4. I do not consider such activities clerical, and find them necessary to proceed with the litigation. In addition, Defendant challenges the time Mr. Winebrake spent researching the applicability and function of Rule 68. See Doc. 53 at 13. I have found that many a seasoned attorney is unfamiliar with this Rule and its function and will not deny Mr. Winebrake fees for his research.

## 2. Time Drafting the Complaint

Defendant objects to the 6.7 hours Mr. Santillo spent drafting the Complaint. Defendant points out that the Complaint was six pages, only one of which was dedicated to the facts of the case. The other pages identify the parties to the case and contain boilerplate conclusions of law. Having reviewed the Complaint again, I must agree. Of the 33 numbered paragraphs, only 7 relate to the facts of the case. While I recognize that this case was record intensive and required counsel to review a substantial amount of paperwork, 6.7 hours is excessive considering the bare-bones nature of the Complaint. I will reduce the hours spent on preparing the Complaint to 4.5, resulting in a reduction of 2.2 hours.

## 3. Hours between October 9, 2008 and March 18, 2009

### a. New Jersey Legal Services

Defendant next objects to substantial hours spent by Plaintiffs' counsel in preparing a damages analysis and preparing for the arbitration hearing. Specifically, Defendant objects to the plethora of hours billed for discussions with New Jersey Legal Services. During this time, Mr. Santillo spent 4.9 hours contacting or discussing the case with New Jersey Legal Services. (Time Entries, lines 1, 12, 14, 16, 19, 27, 30, 31, 33, 39,

42, 46, 55, and 59).[4]  The court finds essential the original discussions with New Jersey Legal Services, when the case was referred.  However, I question the necessity of the ongoing updates.  In an effort to explain this time, Plaintiffs' counsel states that the ongoing calls were necessary because New Jersey Legal Services was providing translation services.  See Doc. 50 at 1 n.1.  Counsel would discuss specifics with New Jersey Legal Services, who would then convey the information to Plaintiffs.  The court does not find this an efficient mechanism of communication.  Moreover, the fee petition reflects that at some point after the arbitration, counsel began communicating directly with the clients, obviating the need for communication through New Jersey Legal Services.  See Time Entries, lines 69, 89, 101, 113.  Therefore, I will eliminate all but the first .6 hours when the case was original referred, resulting in a reduction of 4.3 hours.

    b.  **Remaining hours of damages analysis and settlement**

In addition to the hours noted above spent in communication with New Jersey Legal Services, Defendant also takes issue with the time Plaintiffs' counsel spent preparing a damages estimate and settlement.  As previously mentioned, the court is well-

---

[4] In their reply, Plaintiffs' counsel avers that Defendant did not challenge line item 12.  See Exh. 11 to Doc. 55.  However, in the Response, "Defendant calls into question the 'necessity' of each and every phone call" to New Jersey Legal Services.  See Doc. 53 at 5.

aware that this was a record intensive case. Thus, the court will not further reduce the time spent compiling a damages estimate.[5]

### 4. Two Lawyers' Trial Time

Defendant also argues that it was unreasonable for both Mssrs. Santillo and Winebrake to attend the trial. Considering that both profess a proficiency in the areas of wage and overtime law, see Declarations of Santillo and Winebrake, Defendant questions the need for both to have attended the trial. The court had the opportunity to observe the participation and involvement of both counsel during the pretrial conference and at trial. I note that Plaintiffs' counsel split the trial duties, each addressing the court once, and each questioning three witnesses, Santillo focusing on the facts, and Winebrake focusing on the accounting. As I stated in my original Findings and Conclusions, there was much uncertainty in the Portal-to-Portal Act and the FLSA regarding compensation due for activities performed pre- and post- workday. Considering the novelty of Plaintiffs' theory and the uncertainty of the law, I don't find that the attendance of both at trial was unreasonable. However, the Third Circuit has suggested that when the time of two attorneys was reasonably required, one of the two should bill at an associate's rate. See Evans v. Port Authority of New York and New Jersey, 273 F.3d 346 (3d Cir. 2001); Bucceroni v. City of Philadelphia, No. 03-6371, 2006 WL 3420298, at *4 n.7 (E.D. Pa.

---

[5] Using the Defendant's figure, see Doc. 53 at 6-8, with the reduction of hours for time spent communicating with New Jersey Legal Services, 14.5 hours will be allowed for the damages analysis and settlement issues.

Nov. 27, 2006). Here, each of Plaintiffs' lawyers charged his normal hourly rate as a partner for all hours spent in court. A reduction of $50 per hour for Mr. Santillo's time would seem appropriate under the Third Circuit's suggestion.[6] Therefore, 19.3 hours of Mr. Santillo's time (Lines 121, 132, and 138), will be permitted at the reduced rate.

### 5. Internal Meetings/Correspondence

Defendant also objects to the excessive amount of time charged by Plaintiffs' counsel for internal meetings and correspondence. Considering the experience of Plaintiffs' counsel, I find that the degree of supervision evidenced by the time log seems excessive. See Smith v. International Services, Inc., 1997 WL 667872, at *5 (E.D. Pa. Oct. 9, 1997) ("I recognize that senior associates and partners in private firms engage in supervisory activities, but do not believe a firm would bill so many hours devoted to supervision of inexperienced lawyers in a relatively straight-forward case such as this."). Looking at the time entries, it appears that much of this challenged time was spent reviewing work already completed, or reviewing strategy. See Time Entries, at Lines 82, 85, 87, 109, 115, 159, 160, and 171. Considering the experience of both counsel, this seems duplicative and unreasonable. Therefore, I will reduce Mr. Winebrake's hours by

---

[6]As explained later in this memorandum, Plaintiffs' counsel had indicated their normal billing rates to the defense in preparing a settlement demand and in preparing for arbitration. I will hold them to those rates and the reduction of $50 per hour shall be taken from that rate.

    I further note that the reduction in Mr. Santillo's rate here is not any reflection of the caliber of his advocacy. Rather, based on the Third Circuit's suggestion, I will reduce the lower-billing partner to the rate of an associate.

1.1 hours for time that seems primarily supervisory in nature. See Time Entries, at Lines 82, 85, and 115. In addition, Defendant points to several instances where Mr. Santillo and Mr. Winebrake met to discuss the case, see Time Entries, at Lines 92 and 93, 98 and 102, 108 and 112, 117 and 119, 150 and 151, 162 and 163, 179, 180 and 181, 196 and 199, for which each has charged his full rate. Like the time spent a trial, I find it excessive for both counsel to charge the rates of partners for this time. I will therefore reduce Mr. Santillo's rate by $50 per hour for 3 hours.[7]

### 6. Travel Time

Defendant also objects to Plaintiffs' counsel charging full rate for travel time both to and from court and to and from meetings with the clients. Several courts in our circuit have reduced counsel's rate by one-half for travel time. See EEOC v. United Parcel Serv., No. 06-1453, 2009 WL 3241550, at *3 (D.N.J. Sept. 30, 2009) (customary for travel time in New Jersey to be compensated at one-half regular billing rate unless working while traveling); Lowe v. Clearfield-Jefferson Drop-In Ctr., No. 09-91, 2009 WL 2762406, at *1 n.1 (W.D. Pa. Aug. 27, 2009) (objection to fee for travel time would require a fifty-percent reduction). However, in this case Plaintiffs' counsel have noted that they traveled by train and used that time to prepare for the trial. See Time Entries at Lines 122, 126, 133, 136, 142. Thus, I conclude that counsel is entitled to full

---

[7]Mssrs. Santillo and Winebrake also met to discuss strategy and discovery on February 18, 2009, see Time Entries at Lines 48 and 50. Consistent with other similar meetings, I will allow Mr. Santillo to bill only $150 per hour for this time.

8

compensation for this travel time. See Rush v. Scott Specialty Gases, Inc., 934 F.Supp 152, 156 (E.D. Pa. 1996) (counsel entitled to full rate for time spent commuting while working on the file). At entry 139, Mr. Santillo noted only round trip travel, omitting any mention of trial preparation on the train. Thus, the 1.2 hours for that travel is reduced to one-half his normal rate.

### 7. Fee Petition

Finally, Defendant objects to the hours spent preparing the fee petition. Mr. Santillo billed 24.4 hours for the fee petition and attachments. Mr. Winebrake billed 16.9 hours.[8] See Def.'s Resp. at 21. Again it appears that Mr. Winebrake performed in a supervisory capacity with respect to certain hours he expended on the fee petition. Considering Mr. Santillo's experience, see Decl. at ¶ 7, it appears that he should be well versed in preparing a fee petition and Mr. Winebrake's supervision was unnecessary. Therefore, I will eliminate the 6.5 hours expended by Mr. Winebrake in drafting and editing a fee petition already drafted by Mr. Santillo. See Time Entries at Line 238. In addition, it appears that Mr. Santillo billed twice for the drafting of his Declaration. See Time Entries at Lines 224 and 236. Therefore, I will reduce his hours by 1.7 for the time spent preparing the fee petition.[9]

---

[8] Even at the reduced rates adopted by the court, see infra at 11, Mr. Winebrake has billed $ 5,915 for preparation of the fee petition, while Mr. Santillo has billed $4,880 for the preparation of the fee petition, for a total of $10,795.

[9] In Plaintiffs' Reply, counsel "update" their hours and costs to include hours and costs incurred after the filing of the fee petition, including the preparation of

9

### B. Hourly Rate

Defendant also takes issue with the hourly rates requested by Plaintiffs' counsel. Mr. Winebrake seeks $ 425 per hour, and Mr. Santillo seeks $ 275 per hour. "Generally, a reasonable hourly rate is to be calculated according to the prevailing market rates in the relevant community." Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). In making this determination, "the court should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. Although the court recognizes Mr. Winebrake's extensive background in employment law and litigation and Plaintiffs' counsel have provided several affidavits concerning the propriety of these rates, Defendant relies on prior correspondence with Plaintiffs' counsel in challenging the rates listed in the current petition for fees. On October 21, 2008, Mr. Santillo provided a damages calculation to Defendant, noting that he charged $200 per hour and Mr. Winebrake charged $350 per hour. See Exh. A to Doc. 53. According to Mr. Santillo's letter, the Honorable A. Richard Caputo of the Middle District of Pennsylvania had "recently" approved these

---

the Reply, totaling close to $6,500. Looking at the itemization, I find that several of the entries would be struck for the reasons explained in this memorandum. For example, counsel's review of the papers he filed and entering them into their claim system is administrative in nature and should be performed by a legal secretary; likewise calls to a translator. More fundamentally, however, the reply was not reasonable and necessary to the litigation. Therefore, I will not allow compensation for these hours.

rates for Plaintiffs' counsel.  Similarly, in March 2009, Mr. Santillo represented to the arbitration panel that he and Mr. Winebrake charged $ 200 and $ 350 per hour respectively.  See Exh. D to Doc. 53.  Although it may very well be that counsel have increased their rates in the interim, (an unusual recessionary move), by Mr. Santillo's admission, the rates were $ 75 per hour lower throughout much of this litigation.  Counsel has failed to inform the court when the rate increase occurred, and I decline to apply the current rate retroactively to work performed when counsel indicated that their rate was lower.  See Defurio v. Elizabeth Forward School Dist., No. 05-1227, 2008 WL 2518139, at *4 (W.D. Pa. Jun. 19, 2008).[10]  I will, therefore, lower the hourly rates to $200 and $350 per hour respectively.

According to the Fee Petition, Mr. Santillo billed 244.1 hours.  From this, the court has deducted a total of 11.6 hours.  Additionally, 22.3 of the remaining hours are appropriately billed at $150 an hour, and 1.2 hours at $100 an hour.  Mr. Winebrake

---

[10] In their reply, Plaintiffs' counsel explain that it would not be economical to obtain the affidavits necessary to support their hourly rate at the arbitration proceeding. See Doc. 55 at 8.  However, based on counsel's written statement and the finding of Judge Caputo, I find that the rates I have adopted are reasonable and supported by the evidence.  Moreover, as previously noted but for the hours spent in communication with New Jersey Legal Services, I have declined to reduce the hours counsel spent preparing a damages estimate.  Such estimate included the hours spent and rates charged by Plaintiffs' counsel.  I would expect that the 14.5 hours permitted would be sufficient to provide the necessary documentation to substantiate the hours devoted to the case and rates charged.

billed 87.6 hours, from which I have deducted 7.8 hours. This amounts to a lodestar of $73,195, reflecting the sum of:

22.3 x 150 = 3,345

209 x 200 = 41,800

1.2 x 100 = 120

79.8 x 350 = 27,930

### C. Special Considerations - Partial Success and Novelty of the Claim

In responding to the fee petition, Defendant argues that the fees requested are grossly disproportionate to the award and should be reduced further. Defendant argues that the most critical factor in determining a fee award is the degree of success. See Doc. 53 at 15-16. Plaintiffs' counsel argue that reduction of their fees would thwart the FLSA system, dissuading counsel from accepting cases where the financial recovery was minimal. See Doc. 50 at 9-11.

The Supreme Court has identified several factors to be considered in calculating a reasonable attorney's fee: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the

nature and length of the professional relationship with the client; and (12) awards in similar cases. Riverside v. Rivera, 477 U.S. 561, 567-68 (1986) (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974)). Two of these factors are juxtaposed in this case. The amount of the award in the case, although not minimal, was significantly less than counsel sought. It was not that counsel failed to succeed on any claim. Rather the facts did not support a more significant award for the uncompensated morning and evening time.[11] Thus, the factor of success or the amount of the award would tend to favor a further reduction. However, I cannot overlook the novelty of counsel's argument involving the interplay of the Portal-to Portal Act and the FLSA. Counsel conducted a thorough analysis of cases across the country in bringing their argument for uncompensated morning and evening time. See Pls.' Proposed Findings and Conclusions at 24-29. This is not a path that has been well-trodden in this district or circuit. On balance, I conclude that the novelty of the uncompensated morning and evening time claim outweighs counsels' limited success, and will make no further reduction.[12] The lodestar stands at $73,195 in attorneys's fees.

---

[11] As I am sure counsel remember, I found that Mr. Levins credibly testified that the Plaintiffs only reported to the shop for transportation thirty to forty percent of the time. N.T. 10/16/09 at 84, 89. Thus, I calculated the damages for uncompensated morning and evening time based on this testimony.

[12] I note that the Third Circuit has rejected a rule of proportionality. "[I]t is not permissible for a trial judge to make a reduction in the attorney's fee award solely on the basis of proportionality." Davis v. Southeastern Pennsylvania Transp. Auth., 924 F.2d 51, 54 (3d Cir. 1991). Thus, to the extent Defendant seeks a reduction based on proportionality, I reject the argument.

## II. COSTS

According to the fee petition, Plaintiffs incurred a total of $2,916.78 in costs. See Doc. 50 at 2. Defendant challenges $45.00 incurred prior to the arbitration. In their arbitration memorandum, Plaintiffs sought $613.30 for costs to that date (March 19, 2009). See Exh. D to Doc. 53. Plaintiffs now claim a total of $658.30 for costs as of March 18, 2009. See Santillo Decl. at 2 (attached as Exh. 1 to Doc. 50). Plaintiffs' counsel explains that the arbitration figures were based on conservative estimates of the expenses they would incur in the days leading up to the arbitration. See, Doc. 55 at 3 n.2. However, in the costs presented to this court, there is no explanation for the additional $45 prior to arbitration. Thus, I will reduce the costs (incurred prior to the Rule 68 Offer of Judgment) by $45.

## III. RULE 68 OFFER OF JUDGMENT

As previously mentioned, on March 18, 2009, Defendant made an Offer of Judgment to Plaintiffs, offering a total of $25,000. Defendant argues that the offer cuts off Plaintiffs' right to attorneys' fees accrued after the offer because it exceeded the total judgment and reasonable fees and costs as of that date. Plaintiffs contend that the total of the three judgments, fees and costs to the date of the Offer surpass the Offer made by

Defendant.[13] The parties' dispute requires an analysis of how the judgment, fees, and costs are calculated on this record for purposes of Rule 68.

Rule 68 provides:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. . . . If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Fed. R. Civ. P. 68(a) and (d). The Rule requires the comparison of the offer to the judgment, and the court looks to the language of the offer to determine what figures are added to the judgment for the comparison. Le v. Univ. of Pennsylvania, 321 F.3d 403, 409 (3d Cir. 2003).

Here, Defendant, in a single Offer of Judgment, made an offer of $25,000 to Plaintiffs: $6944.44 each to Mssrs. Gonzalez and Morales, and $11,111.12 to Mr. Roblero. Throughout the document, Defendant refers to a single Offer made to the Plaintiffs (plural).

> COMES NOW, . . . Bustleton Services, Inc., . . . by and through [its] attorneys, . . . and offers a judgment to be taken against [it] by Plaintiffs as follows: in the amount of $6,944.44 to Walter Gonzales [sic], inclusive of costs and reasonable attorneys' fees accrued to this date; in the amount

---

[13]Plaintiffs also argue that under the FLSA, the Offer of Judgment serves to cut off only the costs, not the attorneys' fees. Because I conclude that the judgment plus reasonable attorneys' fees and costs as of the date of the Offer exceeds the Offer of Judgment, I have no need to address this additional argument.

> of $6,944.44 to Eder Morales, inclusive of costs and
> reasonable attorneys' fees accrued to this date; and, in the
> amount of $11,111.12 to Alberto Roblero, inclusive of costs
> and reasonable attorneys' fees accrued to date. This offer is
> made pursuant to Rule 68 of the Federal Rules of Civil
> Procedure and is not admissible except in a proceeding to
> determine costs and fees. If this offer is not accepted in
> writing within 10 days of today (the date of service), it shall
> be deemed withdrawn.

Doc. 13. Based on the logical reading of the language used by Defendant, I construe this to constitute a single offer in the amount of $25,000 to settle the claims of all three Plaintiffs.[14]

Here, the judgments entered were: $5,012.44 for Mr. Gonzalez, $6,254.75 for Mr. Morales, and $7,228.49 for Mr. Roblero, for a total award of $18,495.68. To this, by the terms of the offer, the court must add reasonable attorneys' fees and costs incurred prior to the Offer of Judgment.[15] Up to and including March 18, 2009, Plaintiffs' counsel

---

[14] Had one of the three Plaintiffs attempted to accept the Offer of Judgment, Defendant would have been justified to clarify that acceptance by one was contingent upon acceptance by all three Plaintiffs based on the language of the offer to accept "a judgment" taken "by Plaintiffs." Otherwise, Defendant would have been left with the expense of litigation against the remaining plaintiffs. Moreover, Defendant does not make the argument that the court should consider the judgments separately.

[15] Because Defendant considers the fee request "unreasonable" and because Plaintiffs' counsel have failed to delineate fees between the three Plaintiffs, Defendant suggests that the court should adopt the attorneys' fees awarded by the arbitrators. See Doc. 53 at 30. I find no basis to do so. Rule 68 speaks in terms of a trial -- a trial at which the plaintiff prevails in order for the defendant to invoke the Rule. The court is therefore the judge of the reasonableness of the fees and costs. Having conducted this analysis and finding no authority to support reliance on the arbitrators' fee award, I reject Defendant's suggestion.

incurred reasonable fees of $10,470 (49.4 hours at $200, 1.6 hours at $350, and .2 at $150), and costs of $613.30, for a total of $11,083.30. Added to the judgment, this totals $29,578.98, surpassing the $25,000 Offer of Judgment.

IV. **CONCLUSION**

As explained in this Memorandum, I have reduced Mr. Santillo's hours by 11.6, Mr. Winebrake's hours by 7.8, reduced the billing rate for 22.3 of Mr. Santillo's hours by $50, and 1.2 hours by $100. Additionally, I have reduced the rate at which each attorney bills by $75 based on Mr. Santillo's representations to defense counsel and the arbitration panel. Despite the objection to such reduction in the Reply, by counsel's own representation, these rates were found reasonable by the Judge Caputo in the Middle District of Pennsylvania. I will hold counsel to their earlier representations.

Additionally, I find that the judgment entered, including a reasonable attorneys' fee (calculated by the court) and costs to the date of the Offer of Judgment exceeds the Offer of Judgment. Thus the Offer of Judgment has no effect on the calculation of cost or fees.

Consistent with this Memorandum, I will Amend the Judgment entered in this case to include $73,195 for attorneys fees and $2,871.78 for costs.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALTER GONZALEZ, EDER MORALES and LUIS ALBERTO ROBLERO | : : : | CIVIL ACTION |
| v. | : : | |
| BUSTLETON SERVICES, INC. | : | NO. 08-4703 |

**O R D E R**

AND NOW, this 18th day of August, 2010, upon consideration of the judgment previously entered in the case, the Motion for Attorneys' Fees and Costs, the response, and reply, and for the reasons stated in the accompanying Memorandum, IT IS HEREBY ORDERED that the Petition for Attorneys' Fees is GRANTED WITH MODIFICATION, the Defendant's Request for certain reductions to the requested hours is GRANTED IN PART, and the Defendant's Request for a reduction in the rates charged by counsel is GRANTED.

1. Plaintiffs are awarded $73,195 in attorneys' fees.

2. Plaintiffs are awarded $ 2,871.78 in costs.

BY THE COURT:

/s/ Elizabeth T. Hey
ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE